IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Twan Grissett, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:22-cv-1953-BHH |
| v. ) | |
| ) | **ORDER** |
| Lt. Flemming, Officer Owens, ) | |
| Officer Young, Sgt. Terry Mack, ) | |
| and Cpl. Harrell, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Twan Grissett's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. On December 22, 2022, Defendants filed a motion for summary judgment (ECF No. 60), and the matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On December 27, 2022, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dispositive motion procedures and the possible consequences if he failed to respond adequately to the motion. (ECF No. 61.) Plaintiff filed a response to Defendants' motion on January 26, 2023. (ECF No. 63.)

After reviewing the record and the applicable law, the Magistrate Judge issued a report and recommendation ("Report") on June 28, 2023, outlining the issues and recommending that the Court grant Defendant's motion. In the Report, the Magistrate Judge found, after reviewing all of the evidence of record including video footage, that no reasonable juror could conclude that the force purposely or knowingly used against Plaintiff

was objectively unreasonable. Because the Magistrate Judge found no constitutional violation, she recommended that the Court grant Defendants' motion for summary judgment. Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's thorough analysis. Accordingly, the Court hereby **adopts and incorporates** the Magistrate Judge's Report (ECF No. 64), and for the reasons set forth

in the Report, the Court **grants** Defendants' motion for summary judgment (ECF No. 60) and dismisses this action with prejudice.

    **IT IS SO ORDERED.**

                                            /s/Bruce H. Hendricks
                                            United States District Judge

July 18, 2023
Charleston, South Carolina